JS 44 (Rev. 06/17)

**PD**

**CIVIL COVER SHEET**

**18   2071**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS**<br>JAMES EVERETT SHELTON<br>316 Covered Bridge Road<br>King of Prussia, PA 19406 | **DEFENDANTS**<br>FAST ADVANCE FUNDING, LLC<br>141 N. 2ND STREET<br>Philadelphia, PA 19106 |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff    Montgomery<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Philadelphia<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Pro Se | Attorneys *(If Known)*<br>Norman M. Valz & Associates, P.C.<br>Norman M. Valz, Esquire<br>3422 Hamilton Street #1, Philadelphia, PA 19104 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
  Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                           Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br> Student Loans<br> (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br> of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br> Liability<br>☐ 320 Assault, Libel &<br> Slander<br>☐ 330 Federal Employers'<br> Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br> Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br> Product Liability<br>☐ 360 Other Personal<br> Injury<br>☐ 362 Personal Injury -<br> Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br> Product Liability<br>☐ 367 Health Care/<br> Pharmaceutical<br> Personal Injury<br> Product Liability<br>☐ 368 Asbestos Personal<br> Injury Product<br> Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br> Property Damage<br>☐ 385 Property Damage<br> Product Liability | ☐ 625 Drug Related Seizure<br> of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br> Act<br>☐ 720 Labor/Management<br> Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br> Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br> Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br> 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br> New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br> 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br> Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br> Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br> Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br> Accommodations<br>☐ 445 Amer. w/Disabilities -<br> Employment<br>☐ 446 Amer. w/Disabilities -<br> Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br> Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br> Conditions of<br> Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br> Actions | ☐ 870 Taxes (U.S. Plaintiff<br> or Defendant)<br>☐ 871 IRS—Third Party<br> 26 USC 7609 | ☐ 899 Administrative Procedure<br> Act/Review or Appeal of<br> Agency Decision<br>☐ 950 Constitutionality of<br> State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1   Original
  Proceeding
- ☐ 2   Removed from
  State Court
- ☐ 3   Remanded from
  Appellate Court
- ☐ 4   Reinstated or
  Reopened
- ☐ 5   Transferred from
  Another District
  *(specify)*
- ☐ 6   Multidistrict
  Litigation -
  Transfer
- ☐ 8   Multidistrict
  Litigation -
  Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 USC § 227 et seq.

Brief description of cause:
Defendants telephoned my private telephone in violation of the TCPA and related claims

| **VII. REQUESTED IN**<br>**COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | **DEMAND $**<br>43,500.00 | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   ☒ Yes   ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S)**<br>**IF ANY** | *(See instructions):* | JUDGE | | DOCKET NUMBER | |
|---|---|---|---|---|---|

DATE                                    SIGNATURE OF ATTORNEY OF RECORD
                                        *James E. Shelton*

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**PD**

## UNITED STATES DISTRICT COURT

**18   2071**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 316 Covered Bridge Road, King of Prussia, PA 19406

Address of Defendant: 141 N. 2nd Street, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: By phone call to my private telephone.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Violations of the TCPA, 47 U.S.C. 227

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, James Everett Shelton , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/17/2018        *James E Shelton*

Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/17/2018        *James E Shelton*

Attorney-at-Law        Attorney I.D.#

**PD**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

JAMES EVERETT SHELTON

               v.

FAST ADVANCE FUNDING, LLC

:
:
:
:
:

CIVIL ACTION

NO. 18 **2071**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 5/17/2018 | James E. Shelton | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | 888-329-0305 | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**PD**

**James Everett Shelton**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
**(484) 626-3942**
**jeshelton595@gmail.com**

**Plaintiff, Pro Se**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON** ) | |
| **316 Covered Bridge Road** ) | |
| **King of Prussia, PA 19406** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action** |
| ) | |
| **vs.** ) | **No.  18   2071** |
| ) | |
| **FAST ADVANCE FUNDING, LLC** ) | |
| **141 N. 2nd Street,** ) | |
| **Philadelphia, PA 19106** ) | |
| ) | |
| **Defendants** ) | **Jury Trial Demanded** |

## COMPLAINT:

Plaintiff JAMES EVERETT SHELTON brings this action for damages, statutory

damages, court costs, and injunctive relief under rights pursuant to Federal Statute under 47

U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing

tortious activity of FAST ADVANCE FUNDING, LLC (hereinafter "Fast Advance"), in

negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales

Calls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and

related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury,

and complains and alleges as follows:

**I.      Introduction**

1

1.      Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone
Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to
widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.
*See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2.      Plaintiff brings this action to challenge Fast Advance's practices in the telephone
solicitation of its products and services. Specifically, Plaintiff challenges Fast Advance's and Fast
Advance's agents' illegal telephone solicitations by which it markets its products and services to
consumers who have placed their phone number on the National Do-Not-Call Registry, and Fast
Advance's failure to maintain a Do-Not-Call list or Do-Not-Call policy.

3.      The TCPA is designed to protect consumer privacy by prohibiting unsolicited
telemarketing calls to cellular telephones, unless the caller has the "prior express written consent"
of the called party.

4.      Plaintiff alleges that Defendant Fast Advance Funding LLC ("Fast Advance") placed
multiple telemarketing sales calls to Plaintiff's cellular telephone number for the purposes of
advertising Fast Advance's services, despite the fact that Plaintiff's cell phone number is on the
National Do-Not-Call registry.

5.      Plaintiff never consented to receive any of these calls.

6.      All of the claims asserted herein arise out of Fast Advance's illegal telephone solicitation
campaign and are a common fact pattern.

## II.      Jurisdiction and Venue

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.      Venue is proper in this court in that Defendants conduct business in, and a substantial

2

part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County. Plaintiff received the phone calls to his private mobile telephone number as a permanent resident of Montgomery County. Defendant Fast Advance Funding, LLC conducts business in this judicial district by calling Pennsylvania consumers. More importantly, Defendant is a Pennsylvania limited liability company registered to conduct business in the Commonwealth of Pennsylvania, and Defendant maintains its principal office location within this Judicial District.

## III.    Parties

9.       Plaintiff JAMES EVERETT SHELTON ("Plaintiff") is an individual who received the alleged phone calls on his private mobile telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who has a residence of 316 Covered Bridge Road, King of Prussia, PA 19406.

10.      Defendant FAST ADVANCE FUNDING, LLC ("Fast Advance") is a New York corporation with a registered principal address of 141 N. 2nd Street, Philadelphia, PA 19106, which transacts business in, *inter alia*, Montgomery County, Pennsylvania. Upon information and belief, Fast Advance currently also maintains an office location at 20 N. 3rd Street, Philadelphia, PA 19106. Fast Advance markets and sells, *inter alia*, business loan and/or merchant cash advance services to consumers in Pennsylvania.

## Background
## The Telephone Consumer Protection Act

11.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

3

12.     The National Do Not Call Registry allows consumers to register their telephone numbers

and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47

C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by the database

administrator." Id.

13.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations

to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R.

§ 64.1200(c)(2).

14.     The FCC also recognized that "wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used." In re Rules and Regulations

Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order,

18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

### Factual Allegations

15.     Fast Advance provides business loans and/or "merchant cash advance" services.

16.     Fast Advance uses telemarketing to promote its services.

17.     Fast Advance has a history of being abusive in their business practices, including

allegedly sending ex-felon Italian "enforcers" to threaten business owners and their families with

physical violence who allegedly owed them money, and allegedly providing disguised usurious

loans. See *Radiant Images, Inc. v. Fast Advance Funding LLC,* No. 2:18-cv-00758-CJD,

U.S.D.C., E.D.P.A.

18.     Fast Advance also has a history of allegedly violating the TCPA. See *Terry Fabricant v.*

*Fast Advance Funding, LLC*, No. 2:17-cv-05753, U.S.D.C., Central District of California, a

4

pending proposed class-action lawsuit brought against Fast Advance for allegedly making unsolicited illegal calls to consumers nationwide.

19.   At all times material hereto, Plaintiff was the subscriber of the telephone number 484-626-3942 and paid his cell phone bill through T-Mobile.

20.   Plaintiff's personal cellular telephone number, 484-626-3942, has been successfully registered on the National Do-Not-Call Registry since June 26, 2015, more than 31 days prior to the calls.

21.   On March 16, 2018, Plaintiff was in the State of California on vacation. At 9:34 AM Eastern Standard Time (EST), which is 6:34 AM Pacific Standard Time (PST), Plaintiff was woken up by a telemarketing call from a number which displayed on Plaintiff's caller identification as 267-435-8169.

22.   Plaintiff answered the call and spoke with a representative from Fast Advance Funding, LLC. Upon answering, Plaintiff received a scripted sales pitch about business funding.

23.   As a result of the sales call, "Ben Schorr", a senior consultant at Fast Advance, sent Plaintiff an e-mail from ben@fastadvancefunding.com.

24.   The e-mail included the name "Michael Deangelis", who upon information and belief was an employee of Fast Advance during the time in question.

25.   During that call, Plaintiff took steps to ascertain the identity of the caller and feigned interest for this exact reason, namely by requesting that the caller send Plaintiff an e-mail with their company information. However, Plaintiff never consented to receiving any additional telemarketing calls. In fact, Plaintiff told the caller that if he was interested or had any questions, he would call *Defendants* back.

5

26.     Although Plaintiff pretended to be interested in Defendant's services, this did not constitute an "established business relationship" or constitute permission for Defendants to call back at any point in the future.

27.     As a point of fact, to the extent that "consent" was supplied during the call, that was done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call.

28.     Despite not giving Fast Advance consent or permission (verbally or in writing) to call back, Plaintiff received another sales call 15 minutes later at 6:49 AM PST from the same caller ID, 267-435-8169. Plaintiff did not consent to this sales call.

29.     Plaintiff received additional sales calls from Fast Advance on the following dates and times:

| Calls Made to 484-626-3942 Before Plaintiff Told Defendants Not to Call on May 1, 2018 | | | |
|---|---|---|---|
| Date | Time (EST) | Caller ID | Notes |
| March 16, 2018 | 9:34 AM | 267-435-8169 | Received e-mail from Ben Schorr, in CA |
| March 16, 2018 | 9:49 AM | 267-435-8169 | I was half-asleep, in CA |
| March 16, 2018 | 10:42 AM | 267-843-4257 | I was in California. |
| March 16, 2018 | 10:46 AM | 267-843-4257 | In CA. I was on another call |
| March 20, 2018 | 11:53 AM | 267-843-4257 | 3 second voicemail |

6

| March 20, 2018 | 6:19 PM   | 267-843-4257 |                                                                                  |
|----------------|-----------|--------------|----------------------------------------------------------------------------------|
| March 21, 2018 | 1:25 PM   | 267-843-4257 |                                                                                  |
| April 12, 2018 | 10:26 AM  | 267-843-4257 |                                                                                  |
| April 12, 2018 | 10:27 AM  | 267-843-4257 | Received an e-mail from Taylor Bielsky Did not consent to get called back.       |
| April 16, 2018 | 3:29 PM   | 267-843-4257 | Tried to answer, disconnected                                                    |
| April 16, 2018 | 3:29 PM   | 267-843-4257 | Bad connection                                                                   |
| April 16, 2018 | 3:36 PM   | 267-843-4257 | Bad connection                                                                   |
| April 16, 2018 | 4:15 PM   | 267-843-4257 | Bad connection                                                                   |
| April 18, 2018 | 11:53 AM  | 267-843-4257 |                                                                                  |
| April 20, 2018 | 10:23 AM  | 267-843-4257 |                                                                                  |
| April 20, 2018 | 4:08 PM   | 267-843-4257 | Missed Call, I was on another call                                               |

30.     Fast Advance did not have the Plaintiff's prior express written consent to make any of these calls.

31.     At no point during any of these calls did Plaintiff provide his consent to receive additional calls back from Fast Advance and/or its agents. In fact, Plaintiff told Defendants he would call them back if he was interested.

32.     Prior to these unsolicited calls, the Plaintiff has never done any business with Fast Advance and Plaintiff never provided Fast Advance with his cellular telephone number.

33.     In fact, before filing this lawsuit, the Plaintiff wrote to Fast Advance via e-mail and copied Fast Advance's legal counsel, Norman M. Valz, Esquire, nvalz@msn.com, on May 1,

7

2018 at 2:45 PM asking if they had his prior express written consent to make the calls, but Fast
Advance did not provide any evidence of consent.

34.     Fast Advance's legal counsel, Attorney Valz, responded at 3:35 PM on May 1, 2018 via
e-mail. Attorney Valz confirmed that he represented Fast Advance and asked for more
information so he could "investigate", however, Attorney Valz said his clients do not settle
TCPA cases, and told Plaintiff to go ahead and file his claim.

35.     Plaintiff also requested in his e-mail to Fast Advance and Attorney Valz to have his
number placed on Fast Advance 's internal Do-Not-Call list, and requested to receive a copy of
Fast Advance 's internal company Do-Not-Call policy.

36.     Defendants failed and/or refused to provide a written copy of their internal company Do-
Not-Call policy to Plaintiff, despite a written e-mail request and notice of Plaintiff's intent to file
a formal claim.

37.     Pursuant to 47 CFR 64.1200(d)(1), a telemarketer is required, upon request, to send a
consumer a written copy of their company Do-Not-Call Policy.

38.     Defendants failed and/or refused to put Plaintiff's number on their internal company Do-
Not-Call list.

39.     On May 1, 2018, *after* Plaintiff wrote to Defendants via e-mail telling them to put
Plaintiff's number on their Do-Not-Call list, Plaintiff received another telemarketing call from
Defendants at 3:09 PM from the caller ID of 267-405-6942.

40.     Plaintiff spoke to a representative from the Director of Operations at Fast Advance,
"Taylor Bielsky", who attempted once again to sell Plaintiff a business loan or "merchant cash
advance".

8

41.     As a result of this conversation, Plaintiff received another e-mail from "Taylor Bielsky", taylor@fastadvancefunding.com, on May 1, 2018 at 3:10 PM.

42.     On May 1, 2018 at 5:06 PM, Plaintiff received a call directly from "Michael Deangelis" at 347-493-7857. Mr. Deangelis said he had received an e-mail from Plaintiff and asked if Plaintiff was interested in receiving additional working capital for his business. Plaintiff said he was not interested in a business loan and stated that he didn't want to get any more calls and was planning on suing Fast Advance for calling him in violation of the TCPA. Mr. Deangelis stated that he no longer works for Fast Advance Funding and that has worked for multiple merchant cash advance companies, however, Plaintiff believes Mr. Deangelis is still affiliated with or working for Fast Advance, because Mr. Deangelis' name and cell phone number are listed on Fast Advance's e-mails, and if Mr. Deangelis did not work for Fast Advance, he would not have received Plaintiff's e-mail.

43.     On May 2, 2018 at 1:05 PM, Plaintiff received another sales call from Fast Advance. The call was disconnected.

44.     On May 2, 2018 at 1:05 PM, Plaintiff received another sales call from Fast Advance. Plaintiff did not speak to anyone, but he subsequently received another e-mail from Taylor Bielsky thereafter on May 2, 2018 at 1:12 PM.

45.     On May 2, 2018 at 5:59 PM, Plaintiff received another sales call from Fast Advance from the caller ID 267-405-6942.

46.     On May 3, 2018 at 9:51 AM, Plaintiff received another sales call from Fast Advance from the caller ID 267-405-6942.

47.     In total, Plaintiff received five (5) additional sales calls from Defendants after Plaintiff told Defendants to stop calling.

9

48.     To the extent Defendants contend that they obtained consent or agreement from Plaintiff
for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that
such records be maintained. In any event, consent is an affirmative defense under the TCPA, this
defense is unavailable unless Defendants can show that they had prior express consent in writing,
and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2),
including maintaining written procedures on national do-not-call rules, training personnel on
national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-
not-call database no more than 31 days prior to making any calls, and maintaining records
documenting such access. Defendants did not have prior express written consent to such calls
from Plaintiff, and did not produce any such written consent, even though the Plaintiff contacted
Fast Advance inquiring about the calls before filing this lawsuit.

49.     Plaintiff pays for each incoming and outgoing call on his telephone under an
unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

50.     Plaintiff received the calls on his private mobile telephone, as defined and set forth
in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a
cellular telephone number and is used for personal purposes.

51.     These telephone solicitations constituted "calls" under the TCPA that were not for
emergency purposes.

52.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use
of his phone because the phone line was tied up during the telemarketing calls and his privacy
was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating,
obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused

10

Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

53.     In summary, Plaintiff received twenty-two (22) sales calls from Defendants to Plaintiff's cell phone number which is registered on the National Do-Not-Call list. Defendants also denied Plaintiff's request for his number to be placed on Defendant's internal Do-Not-Call list six (6) times by (a) failing and/or refusing to do so upon written request, and (b) calling Plaintiff five (5) additional times thereafter. Finally, Defendants failed and/or refused to provide Plaintiff of copy of their internal Do-Not-Call policy on one (1) occasion, despite Plaintiff's written request.

## Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

54.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

55.     As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

56.     Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

57.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

11

58.      As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

59.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

60.      Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

61.      As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

62.      Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

63. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Fifth Cause of Action

12

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

64.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

65.     As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

66.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

67.     As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:
### IV.     Prayer for Relief

On Causes of Action 1-6:

1.   For awards of $500 for each negligent violation as set forth in actions 1-6.

2.   For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

3.   Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$43,500** (Twenty-two counts of: "Sales call to a number registered on the National Do-Not-Call Registry", six counts of "Failure to Put Plaintiff's Number on

13

Defendants' Do-Not-Call list", and one count of "Failure to provide a copy of Defendant's Do-Not-Call Policy", with treble damages for each.)

4.   Prejudgment interest at the maximum legal rate;

5.   Costs of suit herein incurred; and

6.   All such other and further relief as the Court deems proper.

## V.   Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 17, 2018

*James E Shelton*

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com


## VERIFICATION

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: May 17, 2018

*James E Shelton*

JAMES EVERETT SHELTON

14