Complete Business Solutions Group, Inc.
By: John P. Hartley, Esquire
Attorney I.D. No.: 47106
20 N 3rd Street
Philadelphia, PA 19106               *Attorney for Defendant*
Tel. 215-922-2636 x10157
e-mail: jhartley@parfunding.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SHELTON,** | Case No. 2:18-cv-02071-CFK |
| Plaintiff, | Honorable CHAD F. KENNEY |
| v. | |
| **FAST ADVANCE FUNDING LLC,** | |
| Defendant. | |

### DEFENDANT'S SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PREVENT DEFENDANT FROM OFFERING TESTIMONY OF EVIDENCE CONTRARY TO PLAINTIFF'S REQUEST FOR ADMISSIONS

COMES NOW, Defendant, Fast Advance Funding, Inc., and, for its Sur-reply In Opposition To Plaintiff's Motion In Limine To Prevent Defendant From Offering Testimony Of Evidence Contrary To Plaintiff's Request For Admissions, states as follows:

1. Contrary to the Court's Standing Order, Plaintiff has attached an exhibit to his Reply Brief in this matter. *See* Section VI., Motions Practice, Paragraph B, "Reply and sur-reply briefs shall not include declarations or exhibits."

2. Accordingly, the attached Request for Admissions should be stricken.

3. If the Court wishes to consider these Requests, Defendant respectfully requests leave to file its Answers to these Requests.

1

4. Requests for Admissions are intended to establish already agreed-to matters. "[R]equests for admissions are used to establish admission of facts about which there is no real dispute." *Kelly v. McGraw-Hill Companies, Inc.*, 279 F.R.D. 470, 472 (N.D. Illinois 2012), And are not be used as a "gotcha" tactic. *Id.*

5. *See also Broudeur v. McNamee*, 2005 WL 1774033, *2 (S.D. New York 2005) (Request for Admissions is a "procedure for obtaining admissions for the record of facts already known by the seeker.") (citations omitted)

6. A number of Plaintiff's Requests are not admitted. Such as RFA 7, "Admit YOU engaged in caller ID spoofing when YOU called Plaintiff's cellular phone prior to May 17, 2018." And RFA 11, "Admit you haver control over your third party lead generation vendor." These Requests do not seek agreed evidence, but, rather, call for legal conclusions to which Defendant does not agree.

7. Therefore, Defendant should be allowed to respond to these Requests, if the Court wishes to consider them. An Alternative Order allowing Defendant ten (10) days to respond to these Requests for Admissions.

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion In Limine To Prevent Defendant From Offering Testimony Of Evidence Contrary To Plaintiff's Request For Admissions be denied.

By: /s/ John P. Hartley

Date: April 22, 2019

John P. Hartley, Esquire
*Attorney for Defendant*

Complete Business Solutions Group, Inc.
By: John P. Hartley, Esquire
Attorney I.D. No.: 47106
20 N 3rd Street
Philadelphia, PA 19106
215-922-2636 x119

*Attorney for Defendant*

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SHELTON** | Case No. 2:18-cv-02071-CFK |
| | Hon. CHAD F. KENNEY |
| Plaintiff, | |
| v. | |
| **FAST ADVANCE FUNDING LLC** | |
| Defendant. | |

### CERTIFICATION OF SERVICE

I, Denise Devlin, Paralegal, hereby certify that on April 22, 2019, I caused true and correct copies of the Defendant's Sur-Reply Brief in Opposition to Plaintiff's Motion in Limine to Prevent Defendant from Offering Testimony of Evidence Contrary to Plaintiff's Request for Admissions to be served upon the persons and in the manners set forth below:

**ELECTRONIC COURT FILING**

Norman M. Valz, Esq.
490 Norristown Road
Suite 151
Blue Bell, PA 19422
*Attorney for the Defendant*

Bryan Anthony Reo
REO LAW, LLC
P.O. Box 5100
Mentor, OH 44061
*Attorney for the Plaintiff*

Date: April 22, 2019

By: _Denise Devlin_
Denise Devlin, *Paralegal*