# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON,** | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff,* | : | |
| v. | : | No. 18-2071 |
| | : | |
| **FAST ADVANCE FUNDING, LLC,** | : | |
| *Defendant*. | : | |

# VERDICT SHEET

**Instruction regarding judicial notice of Requests for Admissions and factual allegations contained within Plaintiff's Complaint-**

Any fact that the Court has accepted as judicially noticed, **must** be accepted by you the Jury as conclusive and conclusively established as fact. This includes any factual allegations contained within Plaintiff's Complaint and any of the Admitted Requests for Admissions if the Court has accepted those factual allegations as judicially noticed.

1. How many times did Defendant Fast Advance Funding, LLC call Plaintiff James Everett Shelton's cellular telephone number?

    Number of calls placed   _____

    Note that a call is considered a "call" regardless of whether it was ultimately connected and whether or not the recipient Plaintiff Shelton ultimately engaged in conversation with Defendant. If Defendant dialed or caused to be dialed Plaintiff's number and caused a call to be placed, that is considered a "call." Voicemails, dropped calls, disconnected calls, and text messages, are considered "calls" as well.

    *Proceed to Question 2.*

2. With regard to the number of calls you have found were placed by Defendant Fast Advance Funding, LLC to Plaintiff James Everett Shelton in Question 2, did Defendant willfully or knowingly violate the Telephone Consumer Protection Act ("TCPA") by making calls to Plaintiff James Everett Shelton's cellular telephone number with knowledge that the calls were being placed to his cellular telephone number? [check only one, either Yes or No]

**Willfully" means merely that the Defendant acted voluntarily and under its own free will, regardless of whether the Defendant knew it was acting in violation of the statute**. 47 U.S.C. § 312(f)(1) (statutory definition of willful). To show willful action, the Plaintiff must prove that defendant consciously and deliberately committed or omitted act that violated TCPA, irrespective of any intent to violate the law. Willful does not require that the Defendant intended to violate the law, only that Defendant acted voluntarily and per its own free will.

"Knowingly" violated means the Defendant knows of TCPA's prohibitions, knows plaintiff has not given permission to receive calls, yet the Defendant places the calls any way. A finding of "knowingly" violating the TCPA requires only that you find the Defendant knew of the facts that constituted the offense, not that the Defendant was aware of the conduct violating the law.

In order to find "yes" you need only find that the Defendant acted Willfully *or* Knowingly, but not both, either one alone is sufficient. Did the Defendant act Willfully or Knowingly when it violated the TCPA by making calls to Plaintiff James Everett Shelton's cellular telephone number?

        Yes   _____

        No   _____

*If you answered Question 2 "No," proceed to Question 4.*

*If you answered Question 2 "Yes," proceed to Question 3.*

3. How many times did Defendant Fast Advance Funding, LLC willfully or knowingly place calls to Plaintiff James Everett Shelton's cellular telephone number?

    Number of calls placed willfully or knowingly _____

**Willfully" means merely that the Defendant acted voluntarily and under its own free will, regardless of whether the Defendant knew it was acting in violation of the statute**. 47 U.S.C. § 312(f)(1) (statutory definition of willful). To show willful action, the Plaintiff must prove that defendant consciously and deliberately committed or omitted act that violated TCPA, irrespective of any intent to violate the law. Willful does not require that the Defendant intended to violate the law, only that Defendant acted voluntarily and per its own free will.

"Knowingly" violated means the Defendant knows of TCPA's prohibitions, knows plaintiff has not given permission to receive calls, yet the Defendant places the calls any way. A finding of "knowingly" violating the TCPA requires only that you find the Defendant knew of the facts that constituted the offense, not that the Defendant was aware of the conduct violating the law.

*Proceed to Question 4.*

4. How many times did Defendant Fast Advance Funding, LLC call Plaintiff James Everett Shelton's cellular telephone number without having a written "Do Not Call Policy" in place and available upon demand?

A written "Do Not Call" policy in place and available upon demand means that Defendant had, at all times prior to and during the calls, written policies in place to provide for compliance with the laws regarding telemarketing. Having the policies "available upon demand" means that within a reasonable time of receiving a demand [whether verbally or in writing] for the production of the policies, the Defendant produced a written copy of the policies.

A reasonable time to produce the written policy is generally considered as being within 7 days but in no case later than 30 days after the receipt of the demand for the written policies.

If the Defendant failed to produce the written policy within 7 to 30 days after receiving the request from Plaintiff to produce the policy, you should reasonably conclude that the Defendant had no written policy in place at the time the calls were made.

Number of calls placed without the Do Not Call Policy being available _____

*Proceed to Question 5.*

5. With regard to the number of calls you have found were placed by Defendant Fast Advance Funding, LLC to Plaintiff James Everett Shelton without a written Do Not Call Policy available in Question 5, did Defendant willfully or knowingly violate 47 CFR 64.1200(d)(1) by making calls to Plaintiff James Everett Shelton's cellular telephone number with knowledge that it had no written Do Not Call Policies available upon demand? [check only one, either Yes or No]

        Yes   _____

        No    _____

If you concluded the Defendant had no written Do Not Call policy available upon demand when it called Plaintiff, and Defendant's conduct in not having the policy in place available upon demand meets the definition of "willfully" or "knowingly" then you should conclude YES to this question.

**"Willfully" means merely that the Defendant acted voluntarily and under its own free will, regardless of whether the Defendant knew it was acting in violation of the statute**. 47 U.S.C. § 312(f)(1) (statutory definition of willful). To show willful action, the Plaintiff must prove that defendant consciously and deliberately committed or omitted act that violated 47 C.F.R. 64.1200(d)(1), irrespective of any intent to violate the law. Willful does not require that the Defendant intended to violate the law, only that Defendant acted voluntarily and per its own free will.

"Knowingly" violated means the Defendant knew it was making calls and that during the time it was making calls it did not have written Do Not Call policies available upon demand. A finding of "knowingly" violating the 47 CFR 64.1200(d)(1) requires only that you find the Defendant knew of the facts that constituted the offense, not that the Defendant was aware of the conduct violating the law.

*If you answered Question 5 "No," proceed to Question 7.*

*If you answered Question 5 "Yes," proceed to Question 6.*

6. How many times did Defendant Fast Advance Funding, LLC willfully or knowingly place calls to Plaintiff James Everett Shelton's cellular telephone without having written "Do Not Call" policies available upon request as required by 47 C.F.R. 64.1200(d)(1)?

If you concluded the Defendant had no written Do Not Call policy available upon demand when it called Plaintiff, and Defendant's conduct in not having the policy in place available upon demand meets the definition of "willfully" or "knowingly" then the number of calls you find as your answer to this question should be the number of calls Defendant made without a written Do Not Call policy available upon demand.

**"Willfully" means merely that the Defendant acted voluntarily and under its own free will, regardless of whether the Defendant knew it was acting in violation of the statute**. 47 U.S.C. § 312(f)(1) (statutory definition of willful). To show willful action, the Plaintiff must prove that defendant consciously and deliberately committed or omitted act that violated 47 C.F.R. 64.1200(d)(1) irrespective of any intent to violate the law. Willful does not require that the Defendant intended to violate the law, only that Defendant acted voluntarily and per its own free will.

"Knowingly" violated means the Defendant knew it was making calls and that during the time it was making calls it did not have written Do Not Call policies available upon demand. A finding of "knowingly" violating the 47 CFR 64.1200(d)(1) requires only that you find the Defendant knew of the facts that constituted the offense, not that the Defendant was aware of the conduct violating the law.

Number of calls placed in willful or knowing violation of 47 C.F.R. 64.1200(d)(1) _____

*Proceed to Question 7.*

7. How many times did Defendant Fast Advance Funding, LLC call Plaintiff James Everett Shelton's cellular telephone number after having failed to record and honor Plaintiff's "Do Not Call" request(s) as required by 47 C.F.R. 64.1200(d)(3)?

    Number of calls placed by Defendant after failing to record and honor Plaintiff's Do Not Call requests_____

    The number you find should be the number of calls made after Plaintiff made a "do not call" request if you find Plaintiff made such a request and that Defendant did not record *and* honor the request.

    47 C.F.R. 64.1200(d)(3) requires that a telemarketer record and honor a "do not call" request within a period of time not to exceed 30 days from the date the request is made.

*Proceed to Question 8*

8. With regard to the number of calls you have found were placed by Defendant Fast Advance Funding, LLC to Plaintiff James Everett Shelton where Defendant failed to record and honor Plaintiff's Do Not Call requests as in Question 8, did Defendant Fast Advance Funding, LLC willfully or knowingly place calls to Plaintiff James Everett Shelton's cellular telephone having failed to record and honor Plaintiff's Do Not Call requests as required by 47 C.F.R. 64.1200(d)(3) [check only one, either Yes or No]

   Yes   _____

   No    _____

If you conclude that Defendant did not record and honor Plaintiff's "do not call" requests within a period of time not to exceed 30 days from the date of the request, and Defendant either willfully or knowingly failed to record and honor the request, then you should check Yes.

**"Willfully" means merely that the Defendant acted voluntarily and under its own free will, regardless of whether the Defendant knew it was acting in violation of the statute**. 47 U.S.C. § 312(f)(1) (statutory definition of willful). To show willful action, the Plaintiff must prove that defendant consciously and deliberately committed or omitted act that violated 47 C.F.R. 64.1200(d)(3) irrespective of any intent to violate the law. Willful does not require that the Defendant intended to violate the law, only that Defendant acted voluntarily and per its own free will.

"Knowingly" violated means the Defendant knew it was making calls and that during the time it was making calls it did not have written Do Not Call policies available upon demand. A finding of "knowingly" violating the 47 CFR 64.1200(d)(3) requires only that you find the Defendant knew of the facts that constituted the offense, not that the Defendant was aware of the conduct violating the law.

*If you answered Question 9 "No," do not answer the remaining questions. Sign the Verdict Sheet and inform the Courtroom Deputy that you have reached a verdict.*

*If you answered Question 9 "Yes," proceed to Question 10.*

9. How many times did Defendant Fast Advance Funding, LLC willfully or knowingly place calls to Plaintiff James Everett Shelton's cellular telephone having failed to record and honor "Do Not Call" requests made by Plaintiff as required by 47 C.F.R. 64.1200(d)(3)?

Number of calls placed in willful or knowing violation of 47 C.F.R. 64.1200(d)(3)_____

If you conclude that Defendant did not record and honor Plaintiff's "do not call" requests within a period of time not to exceed 30 days from the date of the request, and Defendant either willfully or knowingly failed to record and honor the request, then the number of calls you find as your answer to this question should be the number of calls Defendant made after having received a "do not call" request from Plaintiff and having failed to record AND honor the request within a period of time not to exceed 30 days.

**"Willfully" means merely that the Defendant acted voluntarily and under its own free will, regardless of whether the Defendant knew it was acting in violation of the statute**. 47 U.S.C. § 312(f)(1) (statutory definition of willful). To show willful action, the Plaintiff must prove that defendant consciously and deliberately committed or omitted act that violated 47 C.F.R. 64.1200(d)(3) irrespective of any intent to violate the law. Willful does not require that the Defendant intended to violate the law, only that Defendant acted voluntarily and per its own free will.

"Knowingly" violated means the Defendant knew it was making calls and that during the time it was making calls it did not have written Do Not Call policies available upon demand. A finding of "knowingly" violating the 47 CFR 64.1200(d)(3) requires only that you find the Defendant knew of the facts that constituted the offense, not that the Defendant was aware of the conduct violating the law.

*Sign the Verdict Sheet and inform the Courtroom Deputy that you have reached a verdict.*

Date: _____

_____

FOREPERSON