By: John P. Hartley, Esquire
Attorney I.D. No.: 47106
20 N 3rd Street
Philadelphia, PA 19106                     *Attorney for Defendant*
215-922-2636 x119

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON** | Case No. 2:18-cv-02071-CFK |
| | Hon. CHAD F. KENNEY |
| Plaintiff, | |
| v. | |
| **FAST ADVANCE FUNDING LLC** | |
| Defendant. | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
## TO STRIKE PROPOSED POINT OF CHARGE

COMES NOW, Defendant, Fast Advance Funding LLC, through its attorney, John P. Hartley, Esquire, and, for its Opposition to the Motion To Strike filed by Plaintiff regarding Defendant's proposed Point Of Charge relating to Plaintiff's lack of standing to bring a claim under 42 U.S.C. Section 227 *et seq.,* the Telephone Consumer Protection Act ("TCPA") because Plaintiff used the phone in question for business purposes. As held in Memorandum Opinion by the Honorable Nitz I. Quinoes Alejandro in *James Everett Sheldon v Target Advance LLC,* Civil Action Number 18-2070, dated April 16, 2019, Mr. Sheldon's use of his phone for both personal and business purposes prohibits Mr. Shelton, as a matter of law, from bringing an action under the TCPA. The holding in *Target Advance* is a public record, and nothing prohibits Defendant

1

from referring to a public record.  *Government Employees Insurance Co. v. Nealey*, 262, F.

Supp. 153, 167 (E.D. Pennsylvania  2017).

It is Plaintiff's obligation to establish that this Court has subject matter jurisdiction over

his claim.  *Nealey*, at 172.  Defendant's right to question Plaintiff's standing and the power of

this Court to hear this case can never be forfeited or waived.  *Id.*

Further, even if Court were to accept Plaintiff's premise that Defendant has admitted that

Claimant's personal cell phone number is 484-626-3942, there is nothing in the Complaint that

states that Plaintiff did not also use his personal phone for his business purposes.  That is exactly

what Judge Alejandro found in *Target Advance* ("Here, unlike in *Stoops*, [Mr. Shelton's]

cellphone is for both personal and business use.")  *Target Advance* Memorandum Opinion, page

9.

The cell phone number in the present matter is the same cell phone number from the

*Target Advance* case.  *See* paragraph 20 to the *Target Advance* Complaint, a copy of which is

attached here to as Exhibit A.  The *Target Advance* case and the present matter cover the same

time frame (in fact, Plaintiff filed the *Target Advance*  Complaint the same day as the present

Complaint).  In the *Target Advance* Complaint Plaintiff addresses phone calls from the January –

February 2018 time period.  In the present matter, Plaintiff addresses phone calls from the March

– April 2018 time period.

Mr. Shelton must establish that he has standing to bring this matter, and Defendant

respectfully suggests that he cannot.  Defendant has not, and can never, waive this right

challenge Plaintiff's standing to bring a case.  And, Defendant's deemed admission of facts

contained in the Complaint cannot be held as a waiver of right to contest conclusions of law.

*Machinery Solutions, Inc. v. Doosan Infracore America Corporation*, 323 F.R.D. 522 (D. South Carolina 2018).

Accordingly, Plaintiff's present Motion To Strike should be denied, and Plaintiff must establish that his cell phone was not being used for business purposes.

April 29, 2019

John P. Hartley, Esquire
*Attorney for Defendant*

# EXHIBIT A

JS 44 (Rev. 06/17)

Case 2:18-cv-02070-NIQA   Document 1-1   Filed 05/17/18   Page 1 of 3

**CIVIL COVER SHEET**

18   2070

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
JAMES EVERETT SHELTON
316 Covered Bridge Road
King of Prussia, PA 19406

**DEFENDANTS**
TARGET ADVANCE LLC
4207 Avenue M
Brooklyn, New York 11234

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Kings
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*
Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Telephone Consumer Protection Act, 47 USC § 227 et seq.
Brief description of cause:
Defendants telephoned my private telephone in violation of the TCPA and related claims

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $   30,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
*James E. Shelton*

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

18  2070

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 316 Covered Bridge Road, King of Prussia, PA 19406

Address of Defendant: 4207 Avenue M, Brooklyn, New York 11234

Place of Accident, Incident or Transaction: By phone call to my private telephone.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                     Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                            Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                            Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                            Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                            Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Violations of the TCPA, 47 U.S.C. 227

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

---

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, James Everett Shelton , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/17/2018          *James E Shelton*
                          Attorney-at-Law                          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/17/2018          *James E Shelton*
                          Attorney-at-Law                          Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TARGET ADVANCE LLC | : | NO.  **1 8    2 0 7 0** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 5/17/2018 | *James E. Shelton* | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | 888-329-0305 | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

$400 **NIQA**

**James Everett Shelton**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
**(484) 626-3942**
**jeshelton595@gmail.com**

**Plaintiff, Pro Se**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON** ) | | |
| **316 Covered Bridge Road** ) | | |
| **King of Prussia, PA 19406** ) | | |
| ) | | |
| **Plaintiff,** ) | **Civil Action** | |
| ) | | |
| **vs.** ) | **No.   18   2070** | |
| ) | | |
| **TARGET ADVANCE LLC** ) | | |
| **4207 Avenue M,** ) | | |
| **Brooklyn, New York 11234** ) | | |
| ) | | |
| **Defendants** ) | **Jury Trial Demanded** | |

## COMPLAINT:

Plaintiff JAMES EVERETT SHELTON brings this action for damages, statutory

damages, court costs, and injunctive relief under rights pursuant to Federal Statute under 47

U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing

tortious activity of TARGET ADVANCE LLC, in negligently and/or willfully contacting

Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls") utilizing an automatic telephone

dialing system ("ATDS calls" or "RoboCalls") in violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or

controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

### I.    Introduction

1

1.      Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone
Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to
widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.
*See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2.      Plaintiff brings this action to challenge Target Advance's practices in the telephone
solicitation of its products and services. Specifically, Plaintiff challenges Target Advance's and
Target Advance's agents' illegal telephone solicitations by which it markets its products and
services through its robocalls, and Target Advance's failure to maintain a Do-Not-Call list or Do-
Not-Call policy.

3.      "Month after month, unwanted robocalls and texts, both telemarketing and informational,
top the list of consumer complaints received by" the Federal Communication Commission.[1]

4.      The TCPA is designed to protect consumer privacy by prohibiting unsolicited
telemarketing calls to cellular telephones, unless the caller has the "prior express written consent"
of the called party.

5.      Plaintiff alleges that Defendant Target Advance LLC ("Target Advance") placed multiple
robocalls to Plaintiff's cellular telephone number for the purposes of advertising Target Advance's
services, using an automatic telephone dialing system (ATDS), which is prohibited by the TCPA.

6.      Plaintiff never consented to receive any of these calls.

7.      All of the claims asserted herein arise out of Target Advance's illegal telephone
solicitation campaign and are a common fact pattern.

## II.      Jurisdiction and Venue

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶ (July 10, 2015)

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in this court in that Defendants conduct business in, and a substantial

part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery

County. Plaintiff received the phone calls to his private mobile telephone number as a permanent

resident of Montgomery County. Defendant Target Advance conducts business in this judicial

district by calling Pennsylvania consumers. Plaintiff's telephone number has a (484)

Pennsylvania area code and is registered to Plaintiff's home address. Each of the Defendants has

sufficient minimum contacts with this county, and otherwise purposely avail themselves of the

markets in this county. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D.

Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that

"venue is proper in the district where [plaintiff] resides because the injury did not occur when the

facsimile was sent...; it occurred when the [facsimile] was received."

### III.   Parties

10.     Plaintiff JAMES EVERETT SHELTON ("Plaintiff') is an individual who received the

alleged phone calls on his private mobile telephone line mentioned herein. Plaintiff is an adult

individual and citizen of the Commonwealth of Pennsylvania who has a residence of 316

Covered Bridge Road, King of Prussia, PA 19406.

11.     Defendant TARGET ADVANCE LLC ("Target Advance") is a New York corporation

with a registered principal address of 4203 Avenue M, Brooklyn, New York, 11234, which

transacts business in, *inter alia*, Montgomery County, Pennsylvania. Upon information and

belief, Target Advance's current address is actually 4207 Avenue M, Brooklyn, New York,

11234. Target Advance is not registered to do business in the Commonwealth of Pennsylvania,

3

however, Target Advance markets and sells, *inter alia*, business loan and/or merchant cash advance services to people in Pennsylvania.

### Background

### The Telephone Consumer Protection Act

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

15.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003). In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

4

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be
> sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the
> consequences of providing the requested consent, i.e., that the consumer will receive future
> calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having
> received this information, agrees unambiguously to receive such calls at a telephone number
> the consumer designates.[] In addition, the written agreement must be obtained "without
> requiring, directly or indirectly, that the agreement be executed as a condition of purchasing
> any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*
27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

### IV.    Factual Allegations

16.    Target Advance provides business loans and/or "merchant cash advance" services.

17.    Target Advance uses telemarketing to promote its services.

18.    Target Advance's telemarketing efforts also include the use of "automatic telephone
dialing systems" or "robocalls" to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

19.    At all times material hereto, Plaintiff was the subscriber of the telephone number 484-
626-3942 and paid his cell phone bill through T-Mobile.

20.    Plaintiff's personal cellular telephone number, 484-626-3942, has been successfully
registered on the National Do-Not-Call Registry since June 26, 2015, more than 31 days prior to
the calls.

21.     On January 17, 2018 at 11:14 AM, Plaintiff received a call from 484-588-6273 to his

cellular telephone number, 484-626-3942.

22.     Plaintiff did not recognize the caller ID, so he did not answer.

23.     On January 17, 2018 at 11:32 AM, Plaintiff tried to call the number back, but received no

answer. Plaintiff then tried to call back once again at 11:32 AM, however, he could not identify

who had called him.

24.     On January 22, 2018 at 1:38 PM, Plaintiff received another call from 484-588-6273.

Once again, Plaintiff did not answer.

25.     Plaintiff thought the caller might be someone local or in the Philadelphia region, since

they were using a (484) local area code.

26.     However, Plaintiff was incorrect. Defendants were utilizing their robodialer to employ

"caller ID spoofing" to display false or fake caller ID, to make Plaintiff think it was a local

number calling.

27.     On January 22, 2018 at 2:47 PM, Plaintiff called back the number which called him, 484-

588-6273. After a brief pause, Plaintiff heard a balloon-popping sound and a machine noise; he

was then connected with a live human being, "Brad", at Target Advance.

28.     Plaintiff then received a scripted sales pitch about business loans and/or merchant cash

advance services.

29.     As a result of this conversation, "Brad Cozzi", a senior consultant at Target Advance,

sent Plaintiff an e-mail from brad@targetadvance.com.

30.     During that call, Plaintiff took steps to ascertain the identity of the caller and feigned

interest for this exact reason, namely by requesting that the caller send Plaintiff an e-mail with

6

their company information. However, Plaintiff never consented to receiving any additional telemarketing calls. In fact, Plaintiff asked not to be called back.

31.     As a point of fact, to the extent that "consent" was supplied during the call, that was done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call.

32.     Despite not giving Target Advance consent or permission (verbally or in writing) to call back, Plaintiff received another call from the same caller ID 484-588-6273 the following day, January 23, 2018 at 3:32 PM. Plaintiff did not answer.

33.     Plaintiff received another missed call from the same number on January 24, 2018 at 1:28 PM.

34.     On January 25, 2018 at 12:29 AM, Plaintiff received another call from 484-588-6273. Plaintiff answered and said "hello" into his phone repeatedly, heard a machine noise, then heard dead air, and the call was disconnected.

35.     On February 20, 2018 at 11:56 AM, Plaintiff received another call from 484-588-6273. The call hung up prior to Plaintiff having a chance to answer it.

36.     On February 20, 2018 at 11:56 AM, within a few seconds, Plaintiff received another call from 484-588-6273. Plaintiff answered but the call immediately disconnected after 1 second. Such behavior is characteristic of an automatic dialer, and is termed illegal call abandonment.

7

Often, such automatic dialers, either because they misidentify the caller as no voice on the line, or because there are not enough agents available to answer the call, will "abandon" the call.

37.     At no time did Plaintiff provide his consent to receive any calls from Target Advance and/or its agents.

38.     Prior to these unsolicited calls, the Plaintiff has never done any business with Target Advance  and Plaintiff never provided Target Advance with his cellular telephone number.

39.     Target Advance did not have the Plaintiff's prior express written consent to make these calls.

40.     In fact, before filing this lawsuit, the Plaintiff wrote to Target Advance on April 18, 2018 asking if they had his prior express written consent to make the calls, but Target Advance did not provide any evidence of consent.

41.     Plaintiff also requested in his e-mail to have his number placed on Target Advance 's internal Do-Not-Call list, and requested to receive a copy of Target Advance 's internal company Do-Not-Call policy.

42.     Defendants failed and/or refused to provide a written copy of their internal company Do-Not-Call policy to Plaintiff, despite two a written e-mail request and notice of Plaintiff's intent to file a formal claim.

43.     Pursuant to 47 CFR 64.1200(d)(1), a telemarketer is required, upon request, to send a consumer a written copy of their company Do-Not-Call Policy.

44.     Defendants failed and/or refused to put Plaintiff's number on their internal company Do-Not-Call list.

45.     To the extent Defendants contend that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that

8

such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendants can show that they had prior express consent in writing, and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access. Defendants did not have prior express written consent to such calls from Plaintiff, and did not produce any such written consent, even though the Plaintiff contacted Target Advance inquiring about the calls before filing this lawsuit.

46.     Additionally, to the extent Plaintiff seeks to recover damages for these violations, see Charvat v. NMP, LLC, in which the Sixth Circuit Court of Appeals held that it is possible to allege violations of BOTH subsections of 47 USC § 227(b) [robocalls] and 47 USC § 227(c) [other violations], allowing for multiple violations per call. See also, Lary v. Trinity Physician Fin. & Ins. Servs., in which the 11th Circuit, under 6th Circuit guidance in the Charvat cases, found that it is possible, beyond alleging multiple violations per call based on overall subsection (as in the Charvat case), to allege multiple violations within each subsection, such as the failure to place a number on an internal DNC or provide a copy of a do-not-call policy (both of which are violations of 47 CFR 64.1200(d)(1) and (d)(3), and 47 USC § 227(c) [ie. Subsection C]).

47.     Plaintiff is using an identical method of calculating damages under the TCPA to that of multiple Judges in this Court, including District Judge Legrome D. Davis of the United States District Court for the Eastern District of Pennsylvania, in the case of Shelton v. Doan Solutions, LLC 2:17-cv-02368 (Doc. 5). In his opinion determining damages in a default judgment motion, Judge Davis found, under Sixth and Eleventh Circuit guidance, that the TCPA's "Do-Not-Call

List" provision and "Do-Not-Call Policy" provisions were implied as causes of action under 47

CFR 64.1200, et. seq. and that the procedural violations of failing to put Plaintiff on Defendant's

do-not-call list or provide Plaintiff a copy of Defendant's do-not-call policy were separate

procedural violations of 47 C.F.R 64.1200(d)(1) and (d)(3), actionable under 47 U.S.C §227(c),

in addition to violations of 47 U.S.C § 227(b)(1)(A) and 47 U.S.C § 227(c)(3)(F).

48.      In *Andrew Perrong v. Tranzvia LLC*, No. 2:17-cv-03664, District Judge Joel H. Slomsky

of the United States District Court for the Eastern District of Pennsylvania also ruled, after

hearing and good cause shown, that the TCPA's "Do-Not-Call List" provision and "Do-Not-Call

Policy" provisions were implied as causes of action under 47 CFR 64.1200, et. seq. and that the

procedural violations of failing to put Plaintiff on Defendant's do-not-call list or provide Plaintiff

a copy of Defendant's do-not-call policy were separate procedural violations of 47 C.F.R

64.1200(d)(1) and (d)(3), actionable under 47 U.S.C §227(c), in addition to violations of 47

U.S.C § 227(b)(1)(A) and 47 U.S.C § 227(c)(3)(F). Judge Slomsky awarded the plaintiff treble

damages of $1,500 for each instance of "failure to provide a copy of defendant's Do-Not-Call

policy" and $1,500 for each instance of "failure to put plaintiff's number on defendant's Do-Not-

Call list", for a total judgment award of $45,000.

49.      Plaintiff pays for each incoming and outgoing call on his telephone under an

unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

50.      Plaintiff received the calls on his private mobile telephone, as defined and set forth

in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a

cellular telephone number and is used for personal purposes.

51.      These telephone solicitations constituted "calls" under the TCPA that were not for

emergency purposes.

52.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

53.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54.     As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"ATDS" Prohibition, 47 U.S.C. § 227 et seq.)

56.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57.     As a result of Defendants' and Defendants' agents knowing and/or willful violations

11

of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute,

up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

58.      Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting

such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

59.      Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

60.      As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.

§ 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory

damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

61.      Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting

such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

62.      Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

63.      As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble

damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47

U.S.C. § 227(c)(5).

64.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting

such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

65.      Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

66.      As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation,

pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

67.      Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

68. As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00

for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

69.      Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

70.      As a result of Defendants' and Defendants' agents' negligent violations of 47 CFR

64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Eighth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

71.     Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

72.     As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**
**V.     Prayer for Relief**

On Causes of Action 1-8:

1.  For awards of $500 for each negligent violation as set forth in actions 1-8.

2.  For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-8.

3.  Injunctive relief against Defendants, and each of them, to prevent future wrongdoing; Total statutory damages: **$30,000** (Seven counts each of: "ATDS Call", "Sales call to a number registered on the National Do-Not-Call Registry", five counts of "Failure to Put Plaintiff's Number on Defendants' Do-Not-Call list", and one count of "Failure to provide a copy of Defendant's Do-Not-Call Policy", with treble damages for each.)

4.  Prejudgment interest at the maximum legal rate;

5.  Costs of suit herein incurred; and

14

6. All such other and further relief as the Court deems proper.


## VI.     Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: May 17, 2018

_James E. Shelton_

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

15

Case 2:18-cv-02070-NIQA   Document 1   Filed 05/17/18   Page 16 of 16

## **VERIFICATION**

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: May 17, 2018

*James E. Shelton*

JAMES EVERETT SHELTON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES EVERETT SHELTON

Case No. 2:18-cv-02071-CFK

Hon. CHAD F. KENNEY

           Plaintiff,

    v.

FAST ADVANCE FUNDING LLC

           Defendant.

### CERTIFICATION OF SERVICE

I, Denise Devlin, Paralegal, hereby certify that on April 29, 2019, I caused true and correct copies of the Defendant's Opposition to Plaintiff's Motion to Strike Additional Proposed Point of Charge to be served upon the persons and in the manners set forth below:

**VIA FIRST CLASS MAIL, POSTAGE PREPAID and ELECTRONIC COURT FILING**

Norman M. Valz, Esq.
490 Norristown Road
Suite 151
Blue Bell, PA 19422
*Attorney for the Defendant*

Bryan Anthony Reo
REO LAW, LLC
P.O. Box 5100
Mentor, OH 44061
*Attorney for the Plaintiff*

Date: April 29, 2019

By: Denise Devlin

Denise Devlin, *Paralegal*